Frank Frisenda (State Bar #85580)
FRISENDA, QUINTON & NICHOLSON
11601 Wilshire Boulevard, Suite 500
Los Angeles, California 90025
Tel.: (702) 792-3910
Fax: (702) 436-4176
E-Mail: frankfrisenda@aol.com
Attorney for Plaintiff Wesley Corporation

THE UNITED STATES COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY CORPORATION, a Michigan corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SJS COMMERCIAL, LLC, a Delaware Limited Liability Company and DOES 1 thru 10 inclusive,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR:<br>1. INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK 15 U.S.C. § 1114(1)(A)<br>2. LANHAM ACT FOR UNFAIR COMPETITION<br>3. CALIFORNIA UNFAIR TRADE PRACTICES ACT<br>4. FALSE OR MISLEADING STATEMENTS IN ADVERTISING GOODS<br>5. INFRINGEMENT OF US PATENT<br><br>JURY TRIAL DEMANDED |

Plaintiff, Wesley Corporation (hereinafter "Plaintiff" or "Wesley"), by and through its counsel, files this complaint against Defendant SJS COMMERCIAL, LLC. (hereinafter, "Defendant") and Does 1 through 10 hereby demands a jury trial and alleges and says:

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement, dilution, unfair competition, and under the Lanham Act, 15 U.S.C. § 1114 and 1125 (a), (c) and (d), common law trademark infringement, unfair trade practices under the California Unfair Trade Practices Act, and false or misleading statements when advertising Defendant's goods, and for infringement of Plaintiff's US Patent No. 8,701,552 B2 ( the "'552 Patent")

## PARTIES

2. Plaintiff Wesley is a corporation having a principal place of business at 33266 Mallard Drive, Rockwood, MI 48173. Plaintiff is the lawful owner of all right, title, and interest in and to the Federally Registered STUFZ Trademark (Exhibit 1 hereto) and the '552 Patent (Exhibit 2 hereto)

3. Upon information and belief, Defendant is a Delaware Limited Liability Company having a regular and established place of business at 9500 Greenback Lane, Folsom, CA 95630. Upon further information and belief, Defendant manufactures, uses, sells, imports, and/or distributes products bearing the STUFZ Trademark accused of infringement herein. (Exhibit 3 hereto)

4. The true names and capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10 are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek to amend this Complaint to allege the true names and capacities of said Defendants when they have ascertained such information. Plaintiff is informed and believes that each of the Defendants named herein as DOES 1 through 10 has participated in some or all of the acts or conduct alleged in this Complaint and is liable to Plaintiff by reasons thereof.

## **JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims and Plaintiff's patent infringement claim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and 35 U.S.C. Sec 1 et seq.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400 (b).

7. This Court has personal jurisdiction over Defendant, and venue is proper in this district, because Defendant's principal place of is business in California and in this judicial district, and infringement has occurred and continues to occur in California and throughout the United States.

8. Upon information and belief, Defendant's infringing mark has been and continues to be marketed and/or offered for sale throughout California including this judicial district. In addition, the Court has personal jurisdiction over Defendant because it has established minimum contacts with the forum and the exercise of the Court's jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

## **BACKGROUND FACTS**

9. Plaintiff is a family owned business that has invested significant resources, since at least 2009, in creating unique methods and devices for forming, and molding, articles of food. These food articles demonstrate both creative culinary attributes, and can transform everyday foods to improve taste, customize flair, and increased nutritional value. Plaintiff has extensively promoted its STUFZ branded products in advertising through television, through the internet and in print advertising throughout the United States .

COMPLAINT FOR INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK 15 U.S.C. § 1114(1)(A) ETC.

10. Plaintiff protected its STUFZ trademark in the USPTO and was granted Registration No. 4,164,154 on June 26, 2012. Exhibit 1 is a true and correct copy of this Registration.

11. Plaintiff was also awarded US Patent No. 8,701, 552 entitled Forming Device for Articles of Food issued April 22, 2014. Exhibit 2 is a true and correct copy of this Patent.

12. On June 8, 2017 Plaintiff Wesley and Defendant Audoormatics USA, Inc. entered into a Final Consent Judgment and Permanent Injunction in Civil Action 17-CV-02803-SJO-GJS. Exhibit 4 is a true and correct copy of such Consent Judgment entered in the USDC for the Central District of California.

## COUNT I – Infringement of Federally Registered Trademark
## 15 U.S.C. § 1114(1)(a)

13. Plaintiff re-alleges paragraphs 1 through 12 as if fully set forth herein.

14. Plaintiff Wesley has used its federally registered STUZF name and mark in commerce in connection with virtually all of its products. .

15. On information and belief, Defendants have had actual and/or constructive notice of the existence of Plaintiff's trademark rights and continued in the advertising, manufacture, distribution sale , and offer to sell , the accused products bearing the STUFZ mark. Defendants have knowingly induced the infringing acts of its customers and end- users with specific intent to encourage such customers and end-users to infringe Plaintiff's trademark.

16. Defendants adopted and continue to use in commerce Plaintiff's federally Registered mark, and marks confusingly similar thereto, with full knowledge of Plaintiff's superior rights, and with full knowledge that their infringing use of Plaintiff's mark was intended to cause confusion, mistake and/or deception.

17. Defendants offer their goods and services under the infringing marks in the same channels of trade as those in which Plaintiff's legitimate goods and services are offered. Exhibit 3 hereto is a true and correct copy of Defendant's advertising for its "STUFZ" products.

18. Defendants' actions constitute knowing, deliberate, and willful infringement of Plaintiff's federally registered mark. . The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

19. On information and belief, Plaintiff expects that future evidentiary support for these infringement allegations will be shown upon further examination and after a reasonable opportunity for further investigation and discovery.

20. Plaintiff has been, and will continue to be, irreparably harmed by Defendants' infringing conduct unless Defendants are enjoined by this Court.

21. As a result of Defendants' infringement, Plaintiff has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Plaintiff in its federally registered mark. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## **COUNT II – LANHAM ACT UNFAIR COMPETITION**

22. The allegations of Paragraphs 1-21 above are hereby incorporated herein by reference.

23. Pursuant to 15 U.S.C. § 1125(a), Defendant has, in connection with goods, used in commerce false or misleading description of facts, or false or misleading misrepresentations of facts, which are likely to cause confusion as to the origin, sponsorship, or approval of their goods by another person; or, in commercial advertising or promotion, misrepresented the nature, characteristics, or qualities of its or Plaintiff's goods or commercial activities. Plaintiff believes that it is, or is likely to be, damaged by such acts. In addition, Defendant has made false designations or

origins of its product regarding using "STUFZ" as trademarks, thereby identifying their products with Plaintiff as a source.

24. Pursuant to 15 U.S.C. § 1117, Plaintiff seeks Defendant's profits, damages Sustained by Plaintiff, and costs of this action. Further, under the circumstances of this case, Plaintiff seeks trebling of the actual damages. Further, if the Court should find that, the recovery based on profits is inadequate; Plaintiff prays that the Court will in its discretion enter judgment for such a sum, as the Court shall find to be just.

25. Because of the blatant and willful nature of Defendant's infringement, Plaintiff submits that this is an exceptional case and seeks his reasonable attorneys' fees.

## COUNT III – CALIFORNIA UNFAIR TRADE PRACTICES ACT

26. The allegations of Paragraphs 1-25 above are hereby incorporated herein by reference.

27. This claim arises under California law, including Cal. Bus. & Prof. Code § 17200, and the common law.

28. Defendant's infringement and other actions as alleged herein constitute a per se unlawful, unfair, or fraudulent business practice, and/or unfair, deceptive, untrue, and misleading advertising under California Business & Professions Code § 17000, et seq.

29. Defendant's violations of California law have been willful, deliberate, and intentional, and will no doubt continue unless enjoined by this Court.

## COUNT IV – CALIFORNIA UNFAIR TRADE PRACTICES ACT

30. The allegations of Paragraphs 1-29 above are hereby incorporated herein by reference.

31. This claim arises under California law, including Cal. Bus. & Prof. Code § 17250, and the common law.

32. Defendant's infringement and other actions as alleged herein constitute a per se unlawful, unfair, or fraudulent business act or practice, and/or unfair, deceptive, untrue, fraudulent,

and misleading advertising under California Business & Professions Code § 17000, et seq.

33. Defendant's violations of California law have been willful, deliberate, and intentional, and will no doubt continue unless enjoined by this Court.

## **COUNT V – PATENT INFRINGEMENT 35 U.S.C. §§ 271**

34. Plaintiff re-alleges paragraphs 1 through 33 as if fully set forth herein.

35. Defendants have been, and are currently infringing the '552 patent throughout the country and within this Judicial District.

36. On information and belief, Defendants have had actual and/or constructive notice of the existence of Plaintiff's '552 patent rights and continued in the advertising, manufacture, distribution, sale and offer to sell the accused products shown in Exhibit 3. Defendants have knowingly induced the infringing acts of its customers and end- users with specific intent to encourage such customers and end-users to infringe Plaintiff's patent.

37. In this respect, after the issuance of the '552 patent Defendants' offer to sell and sold accused products including "STUFZ HAM BURGER MKER " (Exhibit 3) without authorization from Plaintiff,. These accused products are copies of Plaintiff's genuine STUFZ products. Defendant's activities set forth above constitute direct infringement of Claims 1 though 20 of Plaintiff's '552 Patent.

38. Defendants advertise, distribute and sell the accused products in packaging identical to Plaintiff's packaging, and come with instruction manuals for customers and end-users to perform Plaintiff's methods.

39. On information and belief, Plaintiff expects that future evidentiary support for These infringement allegations will be shown upon further examination and after a reasonable opportunity for further investigation and discovery.

40.. Defendants' continuing infringement of the '552 Patent will continue to damage Plaintiff's business, causing irreparable harm unless enjoined by the Court.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Preliminary and permanent injunction against further violations of 35 U.S.C. § 292(a) by Defendant, as well as enjoining any future acts of trademark infringement and acts of unfair competition by Defendant against Plaintiff, including, but not limited to, ordering Defendant not to use Plaintiff's trademark in the relevant market.;

B. Pursuant to 15 U.S.C. § 1117(a), it be declared an exceptional case and Defendant be required to pay all of Plaintiff's costs and attorneys' fees;

C. Defendant's profits;

D. Plaintiff's damages;

E. Exemplary damages and treble damages;

F. Reasonable and necessary attorneys' fees as provided by California law and other law;

G. Court costs;

H. Prejudgment and post-judgment interest; and

I. For such other and further relief that the Court deems just and proper.

J. That the Court enter judgment that Defendants have infringed U.S. Patent No. 8,701,552.

K. That the Court permanently enjoin Defendant and its parents, subsidiaries, affiliates,

successors and assigns, and each of their respective officers, directors, agents, servants, employees, attorneys, and all persons within their control from making, using, selling, offering to sell, importing, or advertising the accused products that infringe the ''552 patent or STUFZ trademark.

L.   That the Court order an accounting to determine the damages to be awarded to Plaintiff as a result of Defendants' infringement;

M.   That the Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as he shall prove at trial that are adequate to compensate Plaintiff for Defendants' infringement of the '552 Patent, said damages to be no less than a reasonable royalty;

N.   That the Court assess pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs to Plaintiff in accordance with 35 U.S.C. § 284;

O.   That the Court award Plaintiff enhanced damages and his attorney fees pursuant to 35 U.S.C. §285;

P.   That the Court grant Plaintiff such other, further, and different relief as the Court may deem just and proper.

FRISENDA, QUINTON & NICHOLSON

Dated: June 15, 2017    By: _____
FRANK FRISENDA, JR.
Attorneys for Plaintiff
WESLEY CORPORATION

DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

FRISENDA, QUINTON & NICHOLSON

Dated: June 15, 2017    By: _____
FRANK FRISENDA, JR.

9

COMPLAINT FOR INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK 15 U.S.C. § 1114(1)(A) ETC.